**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN K. WHITEFORD,              )
                                 )
              Plaintiff,         )
                                 )     Civil Action No. 12-55
              v.                 )
                                 )
COMMONWEALTH OF            )     District Judge Conti
PENNSYLVANIA, MUNICIPALITY  )     Chief Magistrate Judge Lenihan
Of PENN HILLS, ANTHONY DELUCA,  )
HOWARD DAVIDSON, M. LETTRICH, ESQ.,  )
MEYER, DARRAGH, BEBENEK, ECK, et al.,  )
B. BRIMMEIER, A. SWEENEY, ESQ.,    )
A. RACUNAS, ESQ.,               )
A.J. ZANGRILLI, JR., ESQ., C.C.COLIN, ESQ.,  )
YUKEVICH, MARCHETTI, LIEKAR &   )
ZANGRILLI P.C., P. MCGRAIL, ESQ.,    )
ISOBEL STORCH, ESQ.,           )     Re: ECF Nos. 10, 12, 38, 40, 42, 43,
                                 )     44, 51
              Defendants.      )

## REPORT AND RECOMMENDATION

I.  <u>RECOMMENDATION</u>

It is respectfully recommended that the Motions to Dismiss at ECF Nos. 10, 12, 38, 40, 42, 43, 44, and 51 be granted.

II.  <u>REPORT</u>

    A.  <u>Facts</u>

Presently before the Court are motions to dismiss filed by all of the above-captioned defendants. Plaintiff, John K. Whiteford ("Plaintiff" or "Whiteford"), brings this action pursuant to 42 U.S.C. § 1983. Whiteford, proceeding pro se, appears to allege a violation of Article 1, § 10 of the United States Constitution, the Ex Post Facto Clause. Plaintiff seeks monetary

damages, and an order from the court voiding his underlying civil convictions because the Pennsylvania Oil and Gas Act preempts the Penn Hills Existing Structures Code, and an order voiding his 2007 criminal convictions because the 2007 amendment to the Penn Hills Existing Structures Code adding imprisonment as a penalty is an illegal ex post facto law.

The above-captioned case is the second action filed in federal court involving the facts and circumstances presently before the Court, preceded by a series of actions in the Pennsylvania state courts. The pro se Complaint omits many of the underlying facts upon which Plaintiff's claims are based, and which are necessary for a comprehensive understanding of the dispute. Consequently, the Court looks, in part, to the Opinion of the Honorable Terrence F. McVerry in Plaintiff's first federal court case, which provides a detailed history of the underlying facts to that point.[1] *Whiteford v. Penn Hills Municipality*, No. 02:07cv0272, 2007 WL 1830653 (W.D. Pa. June 25, 2007), *aff'd,* 323 Fed. Appx. 163 (3d Cir. April 8, 2009). In addition, the Court looks to the December 5, 2008 Opinion of the Commonwealth Court of Pennsylvania, *Commonwealth v. Whiteford,* No. 489 C.D. 2008, No. 490 C.D. 2008, 2008 Pa. Commw. Ct. LEXIS 573 (Pa. Commw. Ct. Dec. 5, 2008), for an understanding of the facts not included, or arising after, Judge McVerry's Opinion. Finally, this Court looks to the Opinion of the United States Court of Appeals for the Third Circuit affirming Judge McVerry's decision. *Whiteford v. Penn Hills Municipality*, 323 Fed. Appx. 163 (3d Cir. 2009).

In the first federal action before Judge McVerry, Plaintiff and his son, Joseph Whiteford, filed a § 1983 action alleging civil rights violations stemming from the enforcement of the same ordinance at issue here: the Penn Hills Existing Structures Code ("the Code"). On appeal, the court of appeals summarized the underlying facts and circumstances as follows:

---

[1] As will be discussed, *infra* at section II. B., a court may look beyond the complaint to matters of public record in ruling upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) without converting it to a motion for summary judgment.

The Pennsylvania Department of Environmental Protection had granted Joseph Whiteford [Plaintiff's son] conditional approval to dig a gas well on property that [Plaintiff and Joseph Whiteford] lease for their oil and gas business. However, because the Whitefords failed to obtain the appropriate grading permits and approval before disrupting the soil on the site, Penn Hills issued a Notice of Violation of section 301.2 and 301.12 of Ordinance 1939 of the Code. Section 110.2 of the Ordinance provides that each day that a violation continues after notice of violation has been served constitutes a separate offense. When the Whitefords failed to comply with the notice, two separate complaints were filed against Joseph B. Whiteford: one for a violation on July 26, 2004 and the other for a violation on July 28, 2004. The Magisterial District Judge determined that Joseph Whiteford violated the Code. Joseph Whiteford unsuccessfully appealed to the Court of Common Pleas and to the Commonwealth Court. *See Commonwealth v. Whiteford*, 884 A.2d 364 (Pa. Commw. 2005) ("*Whiteford I*"). On appeal, he did not challenge whether he had indeed committed Code violations. Instead, he challenged the manner and ability of Penn Hills to bring the complaints and the necessity of obtaining a permit. The Code violations were filed on a court-supplied "private criminal complaint" form. Among other things, the Commonwealth Court ruled that even if the violations should have been processed civilly rather than criminally, the processing error was not only harmless but advantageous in light of the higher level of protections Joseph Whiteford received over that of a civil defendant. The court also determined that the Code was not preempted by the Pennsylvania Oil and Gas Act. On June 28, 2006, the Pennsylvania Supreme court denied Joseph Whiteford's petition for allowance of appeal.

Because no corrective action was taken, on December 12, 2005, Penn Hills against cited Joseph Whiteford for the same Code violations. Once again, he unsuccessfully appealed to the state courts, raising the same arguments as before but not challenging the finding that he still had failed to obtain a grading permit. The Commonwealth Court concluded that the doctrine of collateral estoppel precluded relitigation of his arguments given that the relevant issues were identical to those raised in the previous Code violation proceedings, that the prior determination was final and on the merits, that Joseph Whiteford was the party involved in the previous matter, and that he had a full and fair opportunity to litigate the issues. *Whiteford v. Municipality of Penn Hills*, No. 1931 C.D. 2006 (March 14, 2007) ("*Whiteford II*").

> John Whiteford[, Plaintiff,] also challenged equivalent
> Penn Hills ordinance violations in state court proceedings.
> Affirming the decision of an arbitration panel, the Court of
> Common Pleas found that the issues were functionally identical to
> those involving Joseph Whiteford.  In light of *Whiteford I*, the state
> court declined to address John Whiteford's preemption argument.

*Whiteford*, 323 Fed. Appx. at 165 (footnote omitted); *see also Whiteford,* 2008 WL 1830653 at

*3 (McVerry, J.) (discussing Order and Verdict of Judge Robert Gallo, April 26, 2006, affirming

AR-04-006207 in the Court of Common Pleas of Allegheny County, Arbitration Division).

In January 2007, an amendment to the Code sparked new litigation in the Pennsylvania

state courts involving the Whitefords.  The Code was amended to provide for imprisonment as a

possible penalty for violating its provisions.  The Pennsylvania Commonwealth Court

summarized this phase of the recurrent litigation as follows:

> On February 9, 2007, Penn Hills issued a notice of violation to
> both Joseph and John Whiteford for violating Sections 301.2 and
> 301.12 of the Code by reason of the exact same conduct
> adjudicated in *Whiteford I and II*.  In addition, Penn Hills issued
> private criminal complaints against Joseph and John Whiteford for
> the violations that were committed on various days throughout the
> month of February 2007.

*Commonwealth v. Whiteford,* No. 489 C.D. 2008, No. 490 C.D. 2008, 2008 Pa. Commw. Ct.

LEXIS 573, at *5 (Pa. Commw. Ct. Dec. 5, 2008).  The Whitefords responded with a complaint

in equity against Penn Hills and its Code Enforcement Officer Davidson, alleging, inter alia,

defamation, double jeopardy, and that the complaints filed against them were contrary to DEP

site inspections.  Judge Christine Ward of the Court of Common Pleas of Allegheny County

dismissed the Whiteford's complaint.  *Whiteford v. Municipality of Penn Hills,* No. 07-3695,

2008 WL 4359842 (Pa. Com. Pl. Jan. 11, 2008).  The Pennsylvania Commonwealth Court

affirmed on the issues of libel, double jeopardy, and ex post facto, and declined to revisit the

preemption issue that had been decided in Whiteford I and II. *Whiteford v. Davidson,* No. 2220 C.D. 2007, 2008 Pa. Commw. Ct. LEXIS 322 (Pa. Commw. Ct. April 2, 2008) (*Whiteford III).*

In November 2007 before a district justice, the Whitefords were convicted of the violations committed throughout the month of February 2007. They appealed their convictions to the trial court. After conducting a hearing on January 22, 2008, the trial court issued an order on February 15, 2008, finding Joseph Whiteford guilty of twelve (12) successive violations, fining him $6,000 plus costs. On that same day, the trial court found Plaintiff guilty of ten (10) successive violations, fining him $5,000 plus costs. On appeal, the Whitefords raised several constitutional issues, including, inter alia, the following:

> The Whitefords further argue that the latest criminal prosecution
> was barred by the Ex Post Facto prohibition because the same
> conduct was previously punished by the 2004 civil enforcement
> action. The Whitefords believe that because they were prosecuted
> for what were once civil offenses under the Code, they cannot be
> prosecuted criminally for violations after January 22, 2007, at
> which time the Code was amended to provide for possible
> imprisonment for those offenses.

*Commonwealth v. Whiteford,* No. 489 C.D. 2008, No. 490 C.D. 2008, 2008 Pa. Commw. Ct. LEXIS 573, at *8 (Pa. Commw. Ct. Dec. 5, 2008) ("*Whiteford IV*"). Although it agreed with the municipality that the constitutional issues raised were barred because they had been previously litigated, the court discussed the merits of the constitutional issues:

> Nevertheless, given the *recurring nature of the litigation* between
> the parties, *we feel compelled* to address briefly the merits of the
> Whitefords' constitutional arguments. These arguments stem from
> the *Whitefords' lack of understanding of the Code.* Each day
> constitutes a new and separate violation of the Code, so long as a
> breach of the Code goes uncorrected. Stated otherwise, until the
> Whitefords obtain a grading permit for work done to the site, each
> day that passes without their having that permit constitutes a new
> and separate violation of the Code. Therefore, the prosecution of
> the Whitefords for violations occurring in February 2007 *does not
> run afoul of the Double Jeopardy and Ex Post Facto prohibitions.*

*Whiteford IV* at \*9-10 (emphasis added). The Commonwealth Court also emphasized that it had been established in *Whiteford I, Whiteford II,* and *Whiteford III* "that the provisions of the Code at issue here, that regulate excavation and grading, are not preempted by the Oil and Gas Act." *Whiteford IV* at \*11. The Commonwealth Court refused to revisit the preemption issue, noting that "[t]hese issues are the law of the case and/or barred by collateral estoppel." *Id.*

Soon after the Whitefords were issued their civil and criminal violations of the amended ordinance, the Whitefords filed their first federal lawsuit on March 2, 2007. *Whiteford v. Penn Hills Municipality*, No. 02:07cv0272, 2007 WL 1830653 (W.D. Pa. June 25, 2007) (McVerry, J.) ("*Whiteford V*"). The Whitefords named many of the same defendants presently at bar: Penn Hills and its Code Enforcement officer, Howard Davidson; and attorney Lettrich and his law firm Meyer Darragh, serving as solicitor to Penn Hills. Also named in the first federal action, but not named here, were many of the state court judges who issued rulings adverse to the Whitefords. District Judge McVerry granted all of the defendants' motions to dismiss, finding that the Whitefords' claims were barred by the doctrines of claim and/or issue preclusion, prosecutorial immunity and judicial immunity. *Whiteford V* at \*6-7. The court of appeals affirmed, finding that "[t]he state court decision addressed the issues regarding the manner in which Penn Hills prosecuted the violations, the preemption question, and the legality and sufficiency of evidence to support the multiple convictions for the same ongoing failure to obtain a grading permit." 323 Fed. Appx. at 166.

Now, Plaintiff John K. Whiteford files this second § 1983 federal complaint claiming that when Penn Hills amended its ordinance on January 22, 2007, it created an illegal ex post facto law in providing for imprisonment as punishment for the violation. He names not only the Municipality of Penn Hills ("Penn Hills"), attorney M. Lettrich ("Lettrich"), Meyer Darragh

6

Bebenek, Eck ("Meyer Darragh"), and Code Enforcement Officer Howard Davidson ("Davidson"), but also the following:

1) The Commonwealth of Pennsylvania ("Commonwealth");

2) Anthony DeLuca ("DeLuca"), the Mayor of Penn Hills, who allegedly amended the ordinance (Doc. No. 59 at 2);

3) Attorney B. Brimmeier ("Brimmeier") who represented Penn Hills, was employed by Meyer Darragh from 2005 to 2006, and continued to represent Penn Hills as Brimmeier and Associates during the 2007 criminal proceedings against Plaintiff;

4) Attorney A. Sweeney ("Sweeney"), an employee of Brimmeier and Associates, who prosecuted the criminal action on behalf of Penn Hills against Plaintiff in 2007 before Judge McCarthy in the Court of Common Pleas of Allegheny County;

5) Attorney A. Racunas ("Racunas"), also an employee of Brimmeier and Associates, who prosecuted the criminal action on behalf of Penn Hills against Plaintiff in 2007 before Judge McCarthy in the Court of Common Pleas of Allegheny County;

6-8) Attorneys A. J. Zangrilli, Jr. ("Zangrilli") and C. C. Colin ("Colin"), employees of Yukevich, Marchetti, Liekar & Zangrilli P.C. ("YMLZ") who were retained by Penn Hills to collect court costs and attorneys' fees awarded by at least one state court. *See Whiteford IV* at *15. Plaintiff complains that they have garnished Plaintiff's well royalties and have collected fees for legal work that is unlawful, unconstitutional, and unfair. (ECF No. 59 at 5.) Attached to his Complaint at Exhibit O (ECF No. 1-17), Plaintiff includes a Notice of Intent to Serve Subpoena, listing these Defendants as attorneys of record for Penn Hills in case No. AR 04-6207, in the Court of Common Pleas of Allegheny County, Civil Division;

9-10) Attorneys P. McGrail ("McGrail") and Isobel Storch ("Storch"), who represented Penn Hills in the following actions: the grading violations in 2004; the action before Judge Ward during 2007 through the early part of 2008; and the 2007 action before Judge McCarthy. (ECF No. 19 at 4 (citing ECF No. 1-16).) Plaintiff claims that McGrail and Storch violated his civil rights by prosecuting grading violations that were false, ignored his ex post facto violation claim, and attempted to collect legal fees for unconstitutional legal work. (ECF No. 19 at 4.)

Here, Plaintiff again attempts to allege[2] the following pursuant to § 1983: 1) Penn Hills' 2007 prosecution of Plaintiff for violating the amended Code is barred by the Ex Post Facto Clause of the United States Constitution in that the 2007 criminal violations were the same violations for which he was civilly charged in 2004. Plaintiff emphasizes that no state or federal court has addressed this important constitutional issue, even though he has been raising this claim since 2004 (ECF No. 3 at 2); 2) the Code is preempted by the Pennsylvania Oil and Gas Act as held in *Great Lakes Energy Partners v. Salem Twp.*, No. 8126 of 2005, Court of Common Pleas of Westmoreland County, Pennsylvania, Civil Division, Sept. 8, 2006, *aff'd,* 931 A.2d 101 (Pa. Commw. Ct. 2007); 3) the violations issued against him are contrary to DEP site inspections; 4) all civil and criminal actions against him have been based upon perjured assertions; and 5) in light of the alleged constitutional violation, defendant attorneys' attempts to collect fees and costs "seems . . . unconstitutional and unfair." (ECF No. 59 at 6.) In addition to money damages, Plaintiff requests that the Court "void" his civil and criminal convictions.

---

[2] In ascertaining Plaintiff's allegations under the liberal standard for pro se pleadings, the Court looks not only to the Complaint at ECF No. 1 and its attachments, but also to Plaintiff's submissions at ECF Nos. 3, 19 and 59.

B.  Legal Standards

PRO SE PLEADINGS

The Court must liberally construe the factual allegations of the Complaint because pleadings filed by pro se plaintiffs are held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  Therefore, if the Court "can reasonably read [the] pleadings to state a valid claim on which [Plaintiff] could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [Plaintiff's] unfamiliarity with pleading requirements."  *Wilberger v. Ziegler*, No. 08-54, 2009 WL 734728 at *3 (W.D. Pa. March 19, 2009) (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982)) (per curiam).

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).  The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement,"
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.  Where a complaint pleads facts that are "merely

> consistent with" a defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

In *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States

Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,*

515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and

described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations
> will no longer survive a motion to dismiss: "threadbare recitals of
> the elements of a cause of action, supported by mere conclusory
> statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent
> dismissal, all civil complaints must now set out "sufficient factual
> matter" to show that the claim is facially plausible. This then
> "allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged." *Id.* at 1948. The
> Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must
> show that the allegations of his or her complaints are plausible. *See
> Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, In light of *Iqbal*, the United States Court of Appeals for the Third Circuit in

*Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009)*,* set forth the following two-prong test

to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions. [*Iqbal,*129
> S. Ct. at 1949].  Second, a District Court must then determine
> whether the facts alleged in the complaint are sufficient to show
> that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such an
> entitlement with its facts. *See Phillips,* 515 F.3d at 234-35.  As the
> Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts
> do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not 'show [n]'-

'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949.
This "plausibility" determination will be "a context-specific task
that requires the reviewing court to draw on its judicial experience
and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other

matters of which a court may take judicial notice, court orders, and exhibits attached to the

complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin,*

*Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and

Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester County Intermediate Unit v.*

*Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)).  A court may also consider

indisputably authentic documents.  *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004); *Pension*

*Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Golden v.*

*Cook,* 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of

which they may take judicial notice, including records and reports of administrative bodies, and

publically available records and transcripts from judicial proceedings 'in related or underlying

cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, the United States Court of Appeals for the Third Circuit in *Phillips v. County of*

*Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)

(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an

amendment would be inequitable or futile."  515 F.3d 224, 245 (3d Cir. 2008).

Here, all of Plaintiff's claims against all defendants are barred by the applicable statute of

limitations.  In addition to their arguments concerning the statute of limitations, the Defendants

raise many arguments as to why Plaintiff's Complaint must be dismissed.  The Court will set

forth these arguments, but the Court's analysis is focused on the fact that Plaintiff's claims as to all Defendants are clearly time barred. Consequently, any attempt by Plaintiff to amend his Complaint will be futile as a matter of law. *See Phillips*, 515 F.3d at 245.

    C.   <u>Analysis</u>

    Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

The statute of limitations for a claim arising under 42 U.S.C. § 1983 is determined by the personal injury tort law of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Pennsylvania, the statute of limitations for a claim arising under § 1983 is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2); *Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993)).

Federal law, however, governs a cause of action's accrual date. *Id.* (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Id.* (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)) (other citation omitted). In *Kach*, the United States Court of Appeals for the Third Circuit provided the following additional guidance as to when a cause of action accrues:

> The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111 (1979). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391 (internal quotation marks and citations omitted).

*Kach*, 589 F.3d at 634-35 (parallel citations omitted).

Finally, "where a complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading[,]" a court may rule on a statute of limitations defense on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Oshiver*, 38 F.3d at 1385 n.1, *quoted in*, *Robinson v. Johnson*, 313 F.3d 128, 135 n.3 (3d Cir. 2002) ("[T]he law of this Circuit . . . permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.") (internal quotation omitted).

1. <u>Motion to Dismiss filed by Defendants Lettrich and Meyer Darragh at ECF No. 10</u>

In support of their Motion to Dismiss, Defendants Lettrich and Meyer Darragh argue the following: a) Plaintiff's claims are barred by the doctrine of collateral estoppel in that the court of appeals has already determined that these Defendants are protected by absolute prosecutorial immunity; b) Plaintiff's § 1983 claims are barred by the two year statute of limitations as the last prosecution of Plaintiff was over five years ago; c) Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); d) Plaintiff has failed to state a claim for violation of the Ex Post Facto Clause; and e) the claim against Meyer Darragh is based solely on the theory of respondeat superior and therefore improper under §1983.  (ECF No. 11 at 5-11.)

Plaintiff responds that Lettrich has made false statements and that Lettrich and Meyer Darragh had the power to stop the false statements of Defendant Davidson, but instead assisted in "the perjured prosecutions."  (ECF No. 59 at 4.)  Plaintiff also responds that, unlike Davidson's civil or criminal well site grading violations, DEP inspections from 2004 to 2007 found no violations.  (ECF No. 19 at 2.)  Plaintiff again raises the argument that the Pennsylvania Oil and Gas Act preempts the Code.  (ECF No. 19 at 3-4.)

Here, the record is clear that any cognizable constitutional claim for violation of the Ex Post Facto Clause against these Defendants pursuant to § 1983 is barred by the applicable two-year statute of limitations.  Defendants Lettrich and Meyer Darragh last prosecuted Plaintiff on behalf of Penn Hills in 2006.  Plaintiff admits in his submissions to the Court that he first raised his ex post facto argument as early as 2004, and later in 2007.  (ECF No. 3 at 2.)  Therefore, Plaintiff was aware of this potential claim well before the expiration of the statute of limitations. Yet, Plaintiff filed this second federal civil rights action in January 2012.  Consequently, Plaintiff's complaint must be dismissed with prejudice because it is clearly time barred.

Further, as noted by Judge McVerry in *Whiteford V*, and as affirmed by the court of appeals, these Defendants have absolute prosecutorial immunity when representing Penn Hills in prosecuting the enforcement of the Code against Plaintiff. Therefore, Plaintiff is collaterally estopped from relitigating this issue against these Defendants.

In addition, as noted in *Whiteford I, Whiteford II, Whiteford III, Whiteford IV and Whiteford V,* the provisions of the Code at issue here that regulate excavation and grading are not preempted by the Oil and Gas Act. This is the law of the case, and Plaintiff may not use this second civil rights action to raise this issue again. In fact, in *Whiteford IV,* Plaintiff advanced the same arguments before the Commonwealth Court as presented here:

> The Whitefords next argue that the violations asserted by Penn
> Hills with respect to their conduct in February 2007 are knowingly
> false, perjured, and preempted by the Oil and Gas Act. According
> to the Whitefords, this Court's holding in *Great lakes Energy
> Partners v. Salem Township*, 931 A.2d 101 (Pa. Cmwlth. 2007),
> established that the Code provisions in question are preempted by
> the Oil and Gas Act. Further, the Whitefords contend that three
> DEP inspections have found no well site grading or excavation
> errors, which proves that Penn Hills' enforcement actions are
> knowingly false and perjured.

*Whiteford IV* at *10-11. Again, the issue of preemption has been decided and must not be revisited here.[3]

Likewise, and contrary to Plaintiff's assertions, at least one state court has addressed Plaintiff's ex post facto argument. In *Whiteford IV,* the Pennsylvania Commonwealth Court emphasized that the February 2007 prosecutions did not violate the Ex Post Facto Clause. *Whiteford IV* at *10.

---

[3] The extensive factual history of this case at section II.A., *supra,* makes clear that collateral estoppel, also known as issue preclusion, bars relitigation of many of the issues presently at bar: 1) the issues raised by Plaintiff are identical to many of the issues raised in *Whiteford I* through *Whiteford V* including preemption, ex post facto, and prosecutorial immunity; 2) there was a final judgment on the merits in *Whiteford I* through *Whiteford V*; 3) Plaintiff (the party against whom collateral estoppel is being asserted) was a party or in privity with the party to the prior adjudication; and 4) Plaintiff (the party against whom collateral estoppel is asserted) had a full and fair opportunity to litigate the issues in the prior adjudications. *See Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir. 1999).

Finally, the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars Plaintiff's claims. In *Heck,* the United States Supreme Court held that a plaintiff may not bring a claim pursuant to § 1983 for alleged unconstitutional conduct that would invalidate an underlying sentence or conviction unless that conviction has already been called into question. *Id.* at 486-87. In this way, individuals may not collaterally attack their underlying convictions, directly or indirectly, by bringing a § 1983 claim. In order to assess whether a § 1983 claim should be dismissed as an impermissible collateral attack on an underlying conviction, the United States Supreme Court instructed as follows:

> [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

*Id.* at 487 (emphasis in original) (footnotes omitted). Here, Plaintiff specifically requests that this Court declare the 2007 amendment to the Code as an illegal ex post facto law, and that the Court "void" his convictions. Clearly, a judgment in favor of Plaintiff would necessarily establish the invalidity of his conviction. Therefore, Plaintiff's Complaint must be dismissed as his Complaint and other documents of public record suggest that his convictions have not been called into question.[4]

For all the foregoing reasons, the Motion to Dismiss filed by Defendants Lettrich and Meyer Darragh at ECF No. 10 should be granted.

---

[4] The Supreme Court in *Heck* enumerated the ways that a conviction may be called into question: "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.

2. <u>Motion to Dismiss filed by Defendants McGrail, Racunas and Storch at ECF No. 12</u>

In support of their Motion to Dismiss, Defendants McGrail, Racunas and Storch argue that Plaintiff's claims are barred by the statute of limitations because Plaintiff's claims are based on events occurring from 2004 through 2007. (ECF No. 13 at 2-3.) Further, these Defendants argue that there is no cognizable civil action for perjury. (ECF No. 13 at 3-4.) Defendants further note that, other than in the caption, Plaintiff does not mention the names of Defendants Racunas and Storch in the body of the Complaint.

Plaintiff responds that Storch, who was employed by McGrail's law firm, represented Penn Hills in prosecuting false grading violations, ignored Plaintiff's ex post facto violation claim, and attempted to collect attorney fees for unconstitutional legal work. (ECF No. 19 at 4; ECF No. 59 at 4.) Plaintiff also responds that Defendant Racunas, who also represented Penn Hills during the prosecution of Plaintiff's Code violations in 2007, violated his civil rights by making false claims and presenting a legal opinion that misinterpreted the Ex Post Facto Clause. (ECF No. 19 at 4; ECF No. 59 at 4-5.)

Plaintiff complains that his prosecution in 2007 violated the Ex Post Facto Clause, and therefore, it was improper for certain attorney defendants to collect fees and costs associated with the prosecutions. Plaintiff does not complain that attorney defendants used some kind of unconstitutional methodology or practice to collect the fees, only that the prosecutions themselves were unconstitutional, and therefore, invalid. Consequently, Plaintiff's cause of action as to these Defendants accrues, at the latest, with the Commonwealth Court's affirmance of the convictions on December 5, 2008. Hence, Plaintiff's Complaint is time barred because it

was not filed until January 2012, at least one year after the expiration of the two year statute of limitations for the filing of a civil rights action pursuant to § 1983.

Further, as discussed above, Plaintiff's claims are barred by the *Heck* doctrine.

Consequently, the Motion to Dismiss filed by Defendants McGrail, Racunas and Storch at ECF No. 12 should be granted.


   3.   <u>Motion to Dismiss filed by Defendants Colin, Zangrilli and YML&Z at ECF No. 40</u>

In support of their Motion to Dismiss, these Defendants argue that Plaintiff's claims are barred by res judicata and collateral estoppel as they have already been litigated and decided in state and federal court.  (ECF No. 41 at 2-4.)  These Defendants also argue that they are entitled to absolute prosecutorial immunity.  (ECF No. 41 at 4.)  Further, Defendants contend that Plaintiff's claims are barred by the statute of limitations because the state court proceedings related to Plaintiff's claim ended in May 2007.  (ECF No. 41 at 4-5.)

Plaintiff responds that these Defendants, as counsel for Penn Hills, attempted to collect legal fees for "unconstitutional work," and that the representation for Penn Hills was misleading and produced unfair trials for Plaintiff.  (ECF No. 59 at 5.)

As discussed above regarding Plaintiff's claims concerning the collection of legal fees, Plaintiff does not complain that attorney defendants used some kind of unconstitutional methodology or practice to collect the fees, only that the prosecutions themselves were unconstitutional, and therefore, invalid.  Consequently, Plaintiff would have been aware of his alleged cause of action for violation of the Ex Post Facto Clause, at the latest, when the Commonwealth Court affirmed his convictions on December 5, 2008.  Yet, Plaintiff indicates at

ECF No. 3 that he raised this issue as early as 2004, and later in 2007. (ECF No. 3 at 2.) Consequently, Plaintiff's Complaint is time barred because it was not filed until January 2012.

Further, as discussed above with regard to the Motion to Dismiss filed by Defendants Lettrich and Meyer Darragh, these moving Defendants, acting as Penn Hills solicitors, are entitled to absolute prosecutorial immunity. *See Whiteford V* at \*5 ("Prosecutorial immunity is available to those serving as counsel for municipalities.") Plaintiff complains that the false claims by defendant attorneys and firms for Penn Hills were misleading and produced unfair trials for Plaintiff. (ECF No. 1 at 5.) Hence, Plaintiff is challenging Defendants' legal arguments made during the prosecution of Plaintiff for violation of the Penn Hills ordinance. Defendants' representation of Penn Hills during the various legal proceedings falls within the protections of absolute prosecutorial immunity.

Consequently, the Motion to Dismiss filed by Defendants Colin, Zangrilli and YML&Z at ECF No. 40 should be granted.

4. Motions to Dismiss filed by Defendants Penn Hills, Davidson, and DeLuca at ECF Nos. 42, 43, and 44 respectively

In support of their Motions to Dismiss, these Defendants argue that Plaintiff's claims are barred by collateral estoppel and/or re judicata, the two year statute of limitations, and by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff responds that the Penn Hills ordinance in issue, as amended by Defendant DeLuca and enforced by Davidson, is an illegal ex post facto law. Plaintiff claims that all attempts to enforce an ex post facto law are perjury. In addition, he states that the Code is

preempted by the Pennsylvania Oil and Gas Act, and that Defendant Davidson's accusations have always contradicted prior or simultaneous DEP inspections.

As noted above, Plaintiff's claims against these Defendants are time barred. Specifically, Plaintiff would have known of his alleged claim for violation of the Ex Post Facto Clause, at the latest, with the Commonwealth Court's affirmance of his convictions under the amended ordinance on December 5, 2008. *See Whiteford IV.* Therefore, his January 2012 civil rights complaint presently before the Court is time barred.

Likewise, Plaintiff's duplicative arguments regarding preemption, and that all efforts to enforce an ex post facto law are perjury have already been decided. *See Whiteford I, Whiteford II, Whiteford III, Whiteford IV and Whiteford V.*

Finally, as discussed above, Plaintiff's claims are barred by the *Heck* doctrine.

Consequently, the Motions to Dismiss filed by Defendants Penn Hills, Davidson, and DeLuca at ECF Nos. 42, 43, and 44 respectively, should be granted.


5. <u>Motion to Dismiss filed by Defendants Brimmeier, and Sweeney at ECF No. 51</u>

In support of their Motion to Dismiss, Defendants Brimmeier and Sweeney argue that Plaintiff's claims are barred by the applicable statute of limitations, and by the doctrine of collateral estoppel. Further, these Defendants argue that Plaintiff's claims are barred by the doctrine of prosecutorial immunity because they represented Penn Hills in the enforcement of its ordinances. Defendants note that Judge McVerry has already decided that municipal attorneys for Penn Hills had absolute prosecutorial immunity when representing Penn Hills in prosecution the enforcement of Ordinance 1939 against Plaintiff. Defendants also argue that a civil cause of

action for perjury is not recognized under state or federal law, and that Plaintiff's civil rights action is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff responds that these Defendants made perjured statements about mud and silt flowing into neighboring streams, and completely misrepresented the Ex Post Facto Clause in legal argument. Plaintiff further contends that Defendant Brimmeier claimed that the municipal ordinances in issue are not preempted by the Pennsylvania Oil and Gas Act. He concludes that all the false claims by Penn Hills' attorneys produced unfair trials for Plaintiff.

Defendant Brimmeier, as an employee of Meyer Darragh from 2005 and 2006, acted as solicitor for Penn Hills during this time, and continued to represent it during the 2007 proceedings as part of Brimmeier and Associates. Likewise, Defendant Sweeney, an employee of Brimmeier and Associates, prosecuted the action against Penn Hills in 2007. Any alleged § 1983 claim against these Defendants is time barred in that Plaintiff did not file the Complaint at bar until January 2012.

Further, as discussed above, the doctrines of collateral estoppel, absolute prosecutorial immunity, and the *Heck* doctrine bar Plaintiff's claims.

Consequently, the Motion to Dismiss filed by Defendants Brimmeier, and Sweeney at ECF No. 51 should be granted.


6. <u>Motion to Dismiss filed by the Commonwealth at ECF No. 38</u>

The Commonwealth, proceeding under Federal Rule of Civil Procedure 12(b)(1), argues that the claims against it must be dismissed because the Eleventh Amendment bars suit against the Commonwealth, and because the Commonwealth is not a person as defined under § 1983.

Plaintiff's only response to the Commonwealth's arguments is that "Pennsylvania will be dismissed, if everyone is happy with the civil and criminal trials described here." (ECF No. 59 at 2.) Plaintiff does not state in any of his submissions to the Court the bases for his claim against the Commonwealth. The only connection the Commonwealth may have to the protracted history of this case is to the state courts involved in the underlying litigation.

As noted above, however, any claim against the Commonwealth would be time barred.

Consequently, the Motion to Dismiss filed by Defendant Commonwealth of Pennsylvania at ECF No. 38 should be granted.

III. <u>CONCLUSION</u>

It is respectfully recommended that the Motions to Dismiss at ECF Nos. 10, 12, 38, 40, 42, 43, 44, and 51 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall

have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 13, 2012                    BY THE COURT:


                                          s/  Lisa Pupo Lenihan
                                          LISA PUPO LENIHAN
                                          Chief United States Magistrate Judge

cc:      John K. Whiteford
         1188 Hamil Road
         Verona, PA  15147
         PRO SE


         All Counsel of Record
         Via Electronic Mail